ORIGINAL

FILED

08 NOV -6 AM 9:19

[CLERK U.S. DISTRICT COURT]
[SOUTHERN DISTRICT OF CALIFORNIA]

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINEYARD BANK, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>M/Y ELIZABETH I, U.S.C.G. Official No. 1130283, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*, and ELIZABETH YACHTS, LLC, a Nevada limited liability corporation, *in personam*,<br><br>Defendants. | Case No. '08 CV 2044 BTM WMc<br><br>IN ADMIRALTY<br><br>[~~PROPOSED~~] ORDER APPOINTING SUBSTITUTE CUSTODIAN AND AUTHORIZING MOVEMENT OF DEFENDANT VESSEL<br><br>F.R.C.P. Supplemental Admiralty Rules C and E.<br><br>46 U.S.C. Sections 30101-31343 |

Plaintiff, VINEYARD BANK ("PLAINTIFF"), by and through its attorney, Weiss & Jones, L.L.P., having appeared and made the following recitals:

1. PLAINTIFF filed its Verified Complaint herein praying the DEFENDANT VESSEL be condemned and sold to pay PLAINTIFFS' demands and for other proper relief.

2. It is anticipated that an Order will issue following PLAINTIFF's Application, requiring that the Clerk of this Court issue issued a Warrant for Arrest of the DEFENDANT VESSEL, and commanding the United States Marshal for this District to arrest and take into custody the DEFENDANT VESSEL and to detain her in custody until further Order of this Court respecting same.

    3.    It is therefore contemplated that the United States Marshal will arrest the DEFENDANT VESSEL forthwith. Custody by the United States Marshal requires the services of one or more keepers, and does not include charges for wharfage and the other services usually associated with safekeeping vessels similar to the DEFENDANT VESSEL.

    4.    Shelter Island Yachtways, a professional boat yard located on Shelter Island, San Diego, California, as agreed to assume the responsibility for safekeeping the said DEFENDANT VESSEL, and to act as her custodian until further order of this Court. It will provide, as necessary under the circumstances, the following services for the safekeeping of the DEFENDANT VESSEL, at a cost not to exceed prevailing rates of the Port of San Diego, as described below with further particularity in the Declaration of Bill Roberts:

    a. Assume custody of the DEFENDANT VESSEL from the United States Marshal at the place of her arrest at the Kona Kai Marina, located at 1551 Shelter Island Drive, San Diego, California, station a representative aboard during the period of her transit to our boatyard, during which period the DEFENDANT VESSEL's current Master, Capt. Lawrence Hartt, shall be in command;

    b. As soon as possible after assuming custody of the DEFENDANT VESSEL, at a rate not to exceed $60 per hour, photograph and/or video tape the interior and exterior of the vessel, and prepare a written inventory of equipment and property aboard her;

    c. Periodically inspect the DEFENDANT VESSEL to assure her safety and security; mooring lines/fenders to assure safe and secure berth;

    d. Periodically as deemed prudent under the existing circumstances, but no less than weekly, at the rate of $50.00 per inspection, inspect the vessel for integrity and fuel, lubricant and other leaks. If it is determined that further action is necessary beyond those detailed herein PLAINTIFF shall notify its counsel, so counsel can seek an appropriate order from the Court;

    e. Provide or arrange for the provision (at usual and customary rates prevailing in the Port of San Diego, not to exceed $60 per hour) bottom cleaning, zinc replacement or other additional services deemed reasonably prudent and necessary to preserve and protect the DEFENDANT VESSEL;

   f. Machinery will be operated only as directed in a Court Order;

   g. Provide wharfage services at the usual and customary rate of $1 per foot of vessel length per day ($92 per day for the DEFENDANT VESSEL), and also general custodial services (at 50 cents per foot of vessel length per day – *i.e.*, here, $46/day) that include maintenance of the insurance specified herein, and inspections at least twice daily of the exterior of the DEFENDANT VESSEL: for evidence of damage or potential for damage, for evidence of trespass or attempted intrusion, to check mooring lines and confirm she is secured properly at the dock, and to look for evidence of water intrusion or other indication a problem exists. If any such problems are detected, we will promptly notify PLAINTIFF's counsel, so, if necessary or appropriate, he can seek an appropriate Order from the Court;

   h. Provide such other services as may be required from time-to-time, by further Order of the Court.

  5. PLAINTIFF has requested that, in addition to the appointment of the Substitute Custodian nominated herein, the Court authorize the DEFENDANT VESSEL's current Captain, Larry Hartt, to operate the engines at least twice monthly during the pendency of this action. He has agreed to do so, and, in addition, to wash and generally maintain the exterior and interior of the vessel in good aesthetic condition, and to provide the other services identified in the Monthly Maintenance Log that is attached as Exhibit B to the Declaration of Bill Roberts. PLAINTIFF has agreed to pay Capt. Hartt for these services. PLAINTIFF has averred that Captain Hartt maintains a current 100 ton U.S. Coast Guard Master's License, and that it has agreed to pay him $1,500 per month for these services, until such time as the DEFENDANT VESSEL is released from custody, or until further Order of the Court.

  6. The Substitute Custodian will not sell the DEFENDANT VESSEL or release her to anyone and/or let anyone aboard her, other than in the case of emergency or as otherwise directed by the Court.

  7. PLAINTIFF, by the Declaration of Bill Roberts has averred that Shelter Island Yachtways has adequate facilities and supervision at its Shelter Island boat yard for the proper safekeeping of the DEFENDANT VESSEL, and that it maintains insurance policies which

1 protect it against occurrences of negligence during its custodianship. Those policies include, among others: (a) commercial liability with Clarendon America Ins., with a per occurrence limit of $1,000,000 and an aggregate limit of $2,000,000; and (b) marine liability with Clarendon America Insurance, with a per occurrence limit of $1,000,000. In addition to the above policies, the United States Marshal will secure, as usual, insurance to protect against damages resulting from a marine casualty; PLAINTIFF has averred that the U.S. Marshal will deduct approximately $9.00 per day from the deposit PLAINTIFF provided the U.S. Marshal, to cover the premiums. Further, in said Declaration the Substitute Custodian accepts, in accordance with the terms of the Order Appointing Substitute Custodian and Authorizing Movement of the Vessel, possession of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc.*, and all other necessaries thereunto appertaining and belonging, which is the subject of the action herein.

8. PLAINTIFF, in consideration of the U.S. Marshal's consent to the substitution of custodian, agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc.*, and all other necessaries thereunto appertaining and belonging, from the time the Marshal transfers possession of the DEFENDANT VESSEL over to said Substitute Custodian, and said PLAINTIFF further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping.

9. PLAINTIFF, in consideration of the U.S. Marshal's consent to the substitution of custodian, has agreed to release the United States and the Marshal from any and all liability and responsibility arising out of the case and custody of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, etc., and all other necessaries thereunto appertaining and belonging, from the time the U.S. Marshal transfers possession of said vessel over to said Substitute Custodian, and further agrees to hold harmless and indemnify the United States and the U.S. Marshal from any and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping.

1     **THEREFORE, IT IS HEREBY ORDERED** that the United States Marshal for the Southern District be, and is hereby, authorized and directed upon seizure of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc.*, and all other necessaries thereunto appertaining and belonging, pursuant to Warrant for Arrest to be issued by the Clerk of this Court pursuant to Order of the Court, to surrender the possession thereof to the Substitute Custodian named herein, and that upon such surrender the U.S. Marshal shall be discharged from its duties and responsibilities for the safekeeping of the DEFENDANT VESSEL and held harmless from and against any and all claims whatever arising out of said substituted possession and safekeeping.

    **IT IS FURTHER ORDERED** that Shelter Island Yachtways be and is hereby appointed the custodian of said DEFENDANT VESSEL, to retain the same in its custody for possession and safekeeping for the aforementioned compensation and in accordance with the Declaration of Bill Roberts and the recitals herein contained until further Order of this Court.

    **IT IS FURTHER ORDERED** that PLAINTIFF's attorney will serve by mail a copy of said Order to the person(s) believed to be the owner(s) of the DEFENDANT VESSEL.

Dated: November 5, 2008

_____
UNITED STATES DISTRICT COURT JUDGE

Dated: November 3, 2008

Respectfully submitted,

WEISS & JONES, L.L.P.

By: _____
Philip E. Weiss, Esq.
Attorneys for Plaintiff
VINEYARD BANK

[PROPOSED] ORDER APPOINTING SUBSTITUTE
CUSTODIAN AND AUTHORIZING MOVEMENT OF VESSEL

-5-

Case No. _____