# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINEYARD BANK,<br><br>                           Plaintiff,<br>  vs.<br><br>M/Y ELIZABETH I, U.S.C.G. Official No. 1130283, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, in rem, AND ELIZABETH YACHTS, LLC, s Nevada limited liability corporation, in personam,<br><br>                           Defendant. | CASE NO. 08cv2044 BTM (WMC)<br><br>**ORDER GRANTING MOTION FOR INTERLOCUTORY SALE OF VESSEL** |

Plaintiff Vineyard Bank moves here for interlocutory sale of the Defendant Vessel M/Y Elizabeth I. For the reasons discussed below, Plaintiff's Motion is **GRANTED.**

## I. BACKGROUND

Defendant Elizabeth Yachts, LLC ("Elizabeth Yachts"), purchased the Defendant Vessel M/Y Elizabeth I, U.S.C.G. Official No. 1130283 ("Defendant Vessel") on or about March 5, 2005. To complete this purchase, Elizabeth Yachts delivered a promissory note to Plaintiff in the amount of $2,800,000, which was secured by a preferred ship mortgage on the Defendant Vessel. (George Decl., Ex. A–B.) The promissory note also provided that,

///

upon default, all remaining sums plus accrued interest would become immediately due and payable. (George Decl., Ex. A.) If forced to sue to enforce the terms of the promissory note, the note required that Elizabeth Yachts pay Plaintiff's reasonable attorneys' fees and costs. (Id.)

Plaintiff alleges that Elizabeth Yachts defaulted on the note by failing to pay monthly installments of principal and interest due from June through December of 2008. On November 4, 2008, Plaintiff filed a Complaint with the Court. Plaintiff claimed that Defendant breached the promissory note and asked that the Defendant Vessel be sold to satisfy Defendant's debt. On November 6, 2008, the Court issued a warrant for the arrest of the Defendant Vessel, which was returned executed on November 10, 2008.

Defendant never answered Plaintiff's Complaint. On December 19, 2008, Plaintiff filed the instant Motion for Interlocutory Sale of Defendant Vessel pursuant to Supplemental Admiralty Rule (E)(9)(a)(i) of the Federal Rules of Civil Procedure ("Rule (E)(9)(a)(i)").[1] Defendant has not opposed Plaintiff's Motion.

On February 3, 2009, the Clerk filed an Entry of Default as to Defendants.

## II. DISCUSSION

Rule E(9)(a)(i) provides that "on application of a party . . . the court may order all or part of the property sold — with the sale proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court — if: (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or disproportionate; or (C) there is an unreasonable delay in securing the release of the property." Plaintiff argues that the Court should order the Defendant Vessel sold based on all three provisions of Rule E(9)(a)(i). The Court agrees that interlocutory sale of the Defendant Vessel is justified under Rule E(9)(a)(i).

---

[1] Plaintiff cites to Supplemental Admiralty Rule E(9)(b) throughout its brief. However, because Plaintiff uses language from Rule E(9)(a)(i), the Court assumes Plaintiff meant to bring its motion under this provision.

A. <u>Bases for Interlocutory Sale</u>

First, Plaintiff claims that the Defendant Vessel is "liable to deterioration, decay or injury," warranting sale. In support of this claim, Defendant submitted a declaration from Neal R. Esterly, a professional yacht broker with Fraser Yachts Worldwide. (Esterly Decl. ¶ 2.) Esterly claims that vessels maintained at marina will deteriorate in condition, particularly if they are idle in salt water, as is the Defendant Vessel. (Esterly Decl. ¶ 3.) Captain Larry Hartt, however, a professional mariner, continues to maintain the Defendant Vessel's appearance and mechanical systems. (George Decl. ¶ 5.) Other than a generalized assertion that idle vessels will deteriorate, Plaintiff offers no other evidence that the Defendant Vessel is liable to decay. Thus, the Court cannot justify interlocutory sale of the Defendant Vessel under Rule E(9)(a)(i)(A). Nevertheless, because the cost of maintaining the Defendant Vessel is excessive and disproportionate and there has been unreasonable delay by Defendant in securing its release, interlocutory sale is appropriate here.

As Plaintiff claims, the expense of maintaining the Defendant Vessel is excessive and disproportionate. Captain Hartt's services presently inhibit deterioration and decay of the Defendant Vessel, but they also contribute to the expense of keeping the property, at a cost of $1,500 per month. In addition to the fees owed to Captain Hartt, the Substitute Custodian earns $2,960.00 per month for his services to Defendant Vessel. These two expenses alone amount to almost $4,500 per month and over $53,000 per year, absent any additional custodial, insurance, and other expenses. Plaintiff must also pay insurance fees for the Defendant Vessel while it is under arrest. (George Decl. ¶ 5.) At the time Plaintiff filed the instant Motion on December 19, 2008, custodial fees had already amounted to $7,473.82. (Pl.'s Mot. for Order of Sale 8.) Maintenance expenses of several thousand dollars per month, particularly where Defendant has made no attempt to answer Plaintiff's Complaint or secure the Vessel's release, are excessive and disproportionate. See <u>Merchants Nat. Bank of Mobile v. Dredge General G.L. Gillespie</u>, 663 F.2d 1338, 1341–1342 (5th Cir. 1981) (interlocutory sale warranted where vessel accrued $17,000 per month in maintenance and

insurance fees and claimants delayed eight months after seizure in attempting to secure release); see also Ferrous Financial Services Co. v. O/S Arctic Producer, 567 F. Supp. 400, 401 (W.D. Wash. 1983) (finding expense excessive and delay unreasonable where cost of maintaining the vessel was $166,000 per year and defendant made no attempt to secure its release for four months).

A motion for interlocutory sale generally should not be granted unless the court has permitted defendants sufficient time to provide a bond to secure the vessel's release. Bank of Rio Vista v. Vessel Captain Pete, 2004 WL 2330704, at * 2 (N.D. Cal. Oct. 14, 2004). "As a general rule, defendants are given at least four months to bond a vessel absent some other considerations." (Id.) (quoting United States v. F/V Fortune, 1987 WL 27274, at *1 (D. Alaska April 14, 1987). Here, Defendant has not made *any* attempts to secure release of the Vessel since its arrest on November 11, 2008. More than four months have passed since the Defendant Vessel's arrest. Defendant has not answered Plaintiff's Complaint or responded to the instant Motion. Thus, the Court has no evidence to suggest that Defendant has made any attempts at all to secure the release of the Defendant Vessel. The Court therefore finds that there has been unreasonable delay in securing the release of the Defendant Vessel.

Taking into account the excessive cost of maintaining the Defendant Vessel together with Defendant's unreasonable delay in securing its release, the Court finds interlocutory sale warranted under Rule E(9)(a)(i).

B. Priority of Plaintiff's Preferred Ship Mortgage

The record indicates that Plaintiff currently holds a preferred ship mortgage on the Defendant Vessel. (See George Decl., Ex. A–B.) Plaintiff effected valid service of its Complaint and notice of Defendant Vessel's arrest on Defendant. Plaintiff additionally affected proper notice by publication of its action and the Vessel's arrest in accordance with Supplemental Admiralty Rule C(4). When a vessel is sold by order of a district court in a civil action in rem brought to enforce a preferred mortgage lien, the preferred mortgage lien has

priority over all other claims against the vessel, except for expenses and fees allowed by the court, costs imposed by the court, and preferred maritime liens.  46 U.S.C. § 31326(b)(1).  A preferred maritime lien is defined as a "maritime lien on a vessel (A) arising before a preferred mortgage was filed . . . ; (B) for damage arising out of a maritime tort; (C) for wages of a stevedore . . . ; (D) for wages of the crew of the vessel; (E) for general average; or (F) for salvage, including contract salvage.  46 U.S.C. § 31301(5).  Plaintiff represents to the Court that it is unaware of any preferred maritime liens existing against the Defendant Vessel.  Defendant has not challenged the validity of Plaintiff's preferred ship mortgage and no other claimant has appeared in this action within the time specified by Supplemental Admiralty Rule C(6).  Therefore, the Court finds that Plaintiff's preferred ship mortgage has priority over all other claims against the Defendant Vessel, except for the expenses and fees allowed by the Court and costs imposed by the Court in this action.  Accordingly, Plaintiff may bid up to the total amount of its secured indebtedness pursuant to CivLR E.1(e)(2).

### III.  CONCLUSION

For the reasons explained above, the Court hereby **GRANTS** Plaintiff's Motion for Interlocutory Vessel Sale. Terms of the sale shall be determined upon further application to the Court by Plaintiff.

**IT IS SO ORDERED.**

DATED: March 23, 2009

Honorable Barry Ted Moskowitz
United States District Judge